# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Michael David Thompson,<br><br>    Defendant | Case No.: 2:20-cr-00268-JAD-NJK<br><br>**Order Denying Motion for Voir Dire of Child Witness**<br><br>[ECF No. 67] |

Michael Thompson is charged with assaulting his wife D.C. at a campsite at the Lake Mead National Recreation Area last year. The government contends that one of D.C.'s teenage grandchildren, L.M., was at the campsite, and it intends to call her as a witness at Thompson's trial next week. Thompson moves for a preliminary examination of L.M. to assess whether she's competent to testify because he believes that she is on the autism spectrum. I deny the motion because Thompson has not offered a compelling reason for such an examination.

## Discussion

Federal Rule of Evidence 601 presumes that "every person is competent to be a witness unless the[ Rules of Evidence] provide otherwise." That presumption extends to child witnesses.[1] To shift the presumption and assess a child witness's competency, a party must move to do so in writing by offering "proof of incompetency."[2] But a "competency examination" of "a child may be conducted only if the court determines, on the record, that

---

[1] 18 U.S.C. § 3509(c)(2); *United States v. IMM*, 747 F.3d 754, 769 (9th Cir. 2014) (citation omitted).

[2] 18 U.S.C. § 3509(c)(3).

compelling reasons exist."³ Though Thompson satisfies the written-motion requirement, he has not met his burden to demonstrate that a preliminary examination of L.M. is warranted here.

Thompson merely notes that L.M. "upon information and belief, is on the autism spectrum[,] attends Special Education classes, and is still a minor child . . . ."⁴ And he offers only his speculation that L.M.'s believed autism precludes her from understanding the oath or accurately testifying about what she saw and heard on the day of the incident. His argument is unpersuasive for two reasons. First, the Federal Rules of Evidence do not demand any particular mental capacity for a witness because that question "is one particularly suited to the jury as one of weight and credibility."⁵ And "[a] child's age alone is not a compelling reason."⁶ While the government notes that "[o]n information and belief, L.M. has mild autism/ADHD," it also reports on that same basis that she "is currently enrolled in school at the expected grade level for her age, does not have problems remembering, and responds appropriately to questioning."⁷ Second, Thompson has not provided any reason why, or evidence to suggest that, L.M. may be unable to understand "the difference between truth and falsehood" or lacks "the capacity for observation, recollection[,] and communication."⁸ Thompson misstates the law when he argues that L.M is presumed incompetent to testify absent a preliminary examination.⁹ To the contrary,

---

³ 18 U.S.C. § 3509(c)(4).

⁴ ECF No. 67 at 2.

⁵ Fed. R. Evid. 601 advisory committee's notes to 1972 proposed rules; *see United States v. Butterfly*, Nos. 94-30412, 94-30413, 1995 WL 729484, at *2 (9th Cir. Dec. 7, 1995) (unpublished).

⁶ 18 U.S.C. § 3509(c)(4).

⁷ ECF No. 79 at 2.

⁸ *Pocatello v. United States*, 394 F.2d 114, 117 (9th Cir. 1968).

⁹ *See* ECF No. 67 at 3 ("An autistic child is not precluded from testifying, so long as it is confirmed that she understands the nature and obligations of the oath.").

2

the presumption in FRE 601 is one of *competency*, and Thompson has failed to offer any evidence overcome that presumption. So I do not find that compelling reasons exist to allow a pre-testimony competency voir dire of L.M.

**Conclusion**

IT IS THEREFORE ORDERED that Thompson's motion for voir dire of the child witness **[ECF No. 67] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
May 14, 2021