# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Michael David Thompson,

    Defendant

Case No.: 2:20-cr-00268-JAD-NJK

Jury Instructions



FILED _____ _____
ENTERED _____ SERVED
COUNSEL/PARTIES OF RECORD

**MAY 2 0 2021**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____

**Instruction # 1**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

*Read on 5-20-2021*

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Instruction # 2**

In the indictment, the grand jury charges the defendant Michael David Thompson with one count of Assault Resulting in Substantial Bodily Injury to a Spouse or Intimate Partner or a Dating Partner, in violation of Title 18 of the United States Code, Section 113(a)(7).

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

**Instruction # 3**

In order for the defendant to be found guilty of Assault Resulting in Substantial Bodily Injury to a Spouse or Intimate Partner or a Dating Partner, in violation of Title 18 of the United States Code, Section 113(a)(7), the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant assaulted Dawn Craig by intentionally striking her;

2

Second, as a result, Dawn Craig suffered substantial bodily injury;

Third, Dawn Craig was a spouse or intimate partner of the defendant; and

Fourth, the assault took place in State and Federal District of Nevada, and within the special maritime and territorial jurisdiction of the United States, specifically within the boundaries of the Lake Mead National Recreation Area, on land acquired for the use of the United States and under its concurrent jurisdiction.

**Instruction # 4**

The Parties have stipulated for purpose of this trial that the defendant and Dawn Craig married on June 15, 2019, and were spouses during the timeframe relevant to count one in the indictment, from September 21 to September 22, 2020.

**Instruction # 5**

The Parties have stipulated for purpose of this trial that Lake Mead National Recreation Area was land within the special maritime and territorial jurisdiction of the United States during the relevant time period, from September 21, to September 22, 2020.

**Instruction # 6**

The term "substantial bodily injury" means bodily injury involving

    (A)    a temporary but substantial disfigurement, or

    (B)    a temporary but substantial loss or impairment of the function of any bodily member, organ, or mental faculty.

3

**Instruction # 7**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If, after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find him not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find him guilty.

**Instruction # 8**

In reaching your verdict you may consider only:

1.     The sworn testimony of any witness,

2.     The exhibits received in evidence, and

3.     Any facts to which the parties have agreed.

The following things are not evidence and you may not consider them in deciding what the facts are:

1.     Questions, statements, objections, and arguments by lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements and what they will say in their closing arguments and at

other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction # 9**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, proof of one or more facts from which you can find another fact.

You are to consider both kinds of evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Instruction # 10**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    The witness's opportunity and ability to see, hear, or know the things testified to;

2.      The witness's memory;

3.      The witness's manner while testifying;

4.      The witness's interest in the outcome of the case, if any;

5.      The witness's bias or prejudice, if any;

6.      Whether other evidence contradicted the witness's testimony;

7.      The reasonableness of the witness's testimony in light of all the evidence; and

8.      Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction # 11**

You heard Mr. Thompson's testimony about Dawn Craig's prior methamphetamine use and related experiences. I instruct you that this evidence is admitted only for the limited purpose

of providing Mr. Thompson's explanation of the source of her injuries. You must consider it only for that limited purpose and not for any other purpose.

**Instruction # 12**

You have heard testimony from Dr. William Harrington and Ann Rovner, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction # 13**

The parties have agreed to certain facts that have been stated to you. You should consider those facts conclusively established.

**Instruction # 14**

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

**Instruction # 15**

You have heard testimony that the defendant made certain statements. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to

them.  In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

**Instruction # 16**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would

require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Instruction # 17**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Instruction # 18**

When you begin your deliberations, you should elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced

9

by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Instruction # 19**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson must complete the verdict form according to your deliberations, sign and date it, and advise the court-security officer that you are ready to return to the courtroom.

**Instruction # 20**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court-security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Instruction # 21**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.